IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-14-2623 |
| EDMUND HUGH BENTON, | § | (CRIMINAL NO. H-10-814-4) |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

The defendant, Edmund Hugh Benton, has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 339) ("Benton's § 2255 Motion).[1] Pending before the court is the United States' Response to Benton's Motion for Relief Under 28 U.S.C. § 2255 and Motion for Summary Judgment (Docket Entry No. 350) to which Benton has filed a Traverse (Docket Entry No. 354). The court has considered the parties' arguments and is persuaded that the United States' Motion for Summary Judgment should be granted, and this action should be dismissed.[2]

---

[1] All docket entry references are to Criminal No. H-10-814.

[2] Because the court concludes that Benton's substantive arguments are without merit, it need not address whether Benton's § 2255 Motion was timely filed.

Pursuant to a written plea agreement, Benton pleaded guilty to conspiracy to launder money, in violation of 18 U.S.C. § 1956(h),[3] with the object of the conspiracy being violation of 18 U.S.C. § 1957(a).[4] The plea agreement contains the following factual basis:

> In June 2003, defendant MILLS created a benefit association in Florida called Global Property Owners Association, Inc. ("GPOA"). Members of the benefit association included apartment complexes, condominium associations, bars and restaurants. Defendants MILLS and PURSER operated GPOA from inside Texas, and solicited members throughout the U.S. using interstate wire transmissions that crossed state lines. Defendant **BENTON** was aware that GPOA was not licensed/authorized to sell insurance in the state of Texas.
>
> In or around May and June, 2003, defendant **BENTON** obtained liability insurance for GPOA from Heritage Mutual Surety Limited ("Heritage"), a St. Vincent company controlled by a fugitive who lived in Barbados. Defendant **BENTON** knew Heritage did not have the ability to pay claims.
>
> The aforementioned fugitive went by the name Robert Lewis Brown. Defendant **BENTON** knew that was not his real name. **BENTON** previously knew him as Jeremy Crane. Brown/Crane operated Heritage through an entity in St. Vincent and the Grenadines called Tri-Continental Exchange Ltd. At the time defendant **BENTON** arranged for Heritage to insure GPOA, Brown/Crane and Tri-Continental

---

[3]Plea Agreement, Docket Entry No. 115, p. 1 ¶1.

[4]Id. at 6 ¶11(d). Subsection (h) of the general money laundering statute, 18 U.S.C. § 1956, makes it illegal to conspire to violate any provision of that statute or any provision of 18 U.S.C. § 1957, which deals with transactions in criminally derived property. Section 1957(a) provides that whoever "knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided."

Exchange Ltd. were subject to cease and desist orders and similar orders by insurance regulators in Canada.

Many GPOA members purchased the Heritage insurance and sent insurance premiums to GPOA. This money was, in fact, proceeds of Wire Fraud. The victims faxed letters and applications from locations throughout the U.S. to Heritage in St. Vincent. For example: Oak Tree Townhomes, in Texas, faxed a letter addressed to Heritage in St. Vincent on June 9, 2003. The letter sought information about the insurance. An employee of Tri-Continental forwarded the letter by fax to defendant **BENTON** in Arizona.

On or about July 1, 2003, defendant MILLS opened an account (number 003678549042) for GPOA at Bank of America, Florida. Between July 1, 2003, through August 31, 2002, fraudulent insurance premiums totaling approximately $188,000 were deposited into this GPOA account. On or about July 15, 2003, defendant MILLS caused $11,000 of that money to be wire transferred from the GPOA account at Bank of America to an account controlled by defendant **BENTON** in the name of Commercial General Capital Investments at First Caribbean International Bank in Nassau, The Bahamas. Defendant **BENTON** received this $11,000 knowing that it was proceeds of illegal activity.[5]

At Benton's rearraignment, the following colloquy occurred between Benton and the court:

| | |
|---|---|
| THE COURT: | At pages 8, 9, and 10 of your plea agreement there's a factual basis for your guilty plea. Paragraph 15 states that if this case were to proceed to trial the government could prove the following facts, which are outlined then on Pages 9 and 10. Have you carefully read those pages of the plea agreement? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Are all the facts stated there true? |
| THE DEFENDANT: | Yes, sir. |

---

[5]Plea Agreement, Docket Entry No. 115, pp. 9-10

| | |
|---|---|
| THE COURT: | Did you do everything described on those pages of the plea agreement? |
| THE DEFENDANT: | As they pertained to me, yes, sir. |
| THE COURT: | Well, I said did "you" do. I mean, it says, for example, Defendant Benton was aware that GPOA was not licensed or authorized to sell insurance in the State of Texas. Is that true? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Whenever your name is mentioned as doing something or being aware of something, is that a true statement? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | How do you plead to the offense charged in Count 11 of the superseding indictment: guilty or not guilty? |
| THE DEFENDANT: | Guilty.[6] |

At the conclusion of the hearing the court found that Benton was fully competent and capable of entering an informed plea, that the plea was knowing and voluntary, and that it was supported by an independent basis in fact establishing each element of the offense charged.[7] The court accepted Benton's plea and adjudged him guilty of Count 11 of the Superseding Indictment, conspiracy to launder money in violation of 18 U.S.C. § 1956(h).[8]

---

[6]Transcript of Rearraignment, Docket Entry No. 134, p. 18 line 24 through p. 19 line 22.

[7]Id. at 20 line 1 through line 5.

[8]Id. line 6 through line 7; see also Superseding Indictment, Docket Entry No. 9, pp. 31-38.

On August 2, 2012, the court sentenced Benton to 120 months in custody to be followed by three years of supervised release.[9] Benton filed an appeal with the Fifth Circuit,[10] which he later voluntarily dismissed.[11]

In his § 2255 motion Benton argues that he received ineffective assistance of counsel both in the district court and on appeal, or, in the alternative, that he is actually innocent of the offense to which he pleaded guilty.[12] All of Benton's arguments are premised on his assertion that the factual basis in his plea agreement was not sufficient to support his conviction. Benton's arguments have no merit because he misconstrues the charge to which he pleaded guilty.

"The elements of a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h)," including conspiracy to violate § 1957(a),[13] are "(i) that there was an agreement between two or more persons to commit money laundering; and (ii) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose." United States v. Alaniz, 726 F.3d

---

[9]See Judgement, Docket Entry No. 240.

[10]Notice of Appeal, Docket Entry No. 246.

[11]Order of USCA (copy), Docket Entry No. 296.

[12]§ 2255 Motion, Docket Entry No. 339, pp. 4-8; Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, Docket Entry No. 339-1, pp. 5-8.

[13]See note 4, supra.

586, 601 (5th Cir. 2013) (internal quotation marks and citations omitted). "The elements of money laundering, in violation of 18 U.S.C. § 1957(a), are: (i) property valued at more than $10,000 that was derived from a specified unlawful activity; (ii) the defendant's engagement in a financial transaction with the property; and (iii) the defendant's knowledge that the property was derived from unlawful activity." Id. at 602 (same). The court is satisfied that the evidence in the record is sufficient to establish each element of the charged offense.

Citing United States v. Trejo, 610 F.3d 308 (5th Cir. 2010), Benton argues that the factual basis for his plea was insufficient because it did not satisfy the strict mens rea requirements for money laundering under 18 U.S.C. § 1956(a)(2)(A).[14] This argument is irrelevant. Benton pleaded guilty to conspiring to violate § 1957(a).[15] Unlike violation of § 1956(a)(2)(A), which requires specific intent to promote unlawful activity, Trejo, 610 F.3d at 315, violation of § 1957(a) does not require such intent, only knowledge that the funds involved were criminally derived, e.g. Alaniz, 726 F.3d at 602 & n.6. The factual basis for Benton's plea agreement states that Benton knew that the funds involved in this

---

[14]Id. pp. 6-7.

[15]Plea Agreement, Docket Entry No. 115, pp. 1 ¶1, 6 ¶11(d); see also note 4, supra.

case were the proceeds of illegal activity.[16] Trejo is inapposite, and Benton's argument has no merit.

Without addressing his misplaced reliance on Trejo, Benton argues in his Petitioner's Traverse that the factual basis is nonetheless "constitutionally insufficient because the actual material facts thought to constitute defendant's culpable conduct was not placed on the record in 'open court,'" and therefore "fell far short of the standards for acceptance of the plea required by [Fed. R. Crim. P.] Rule 11(b)(1)."[17] This argument has no merit. The court is not required to read evidence from the record back into the record in open court. All of the requirements of Rule 11(b)(1) and, more importantly, Rule 11(b)(3), Determining the Factual Basis for the Plea, were satisfied by the plea colloquy.

Benton has failed to raise a fact issue either as to ineffective assistance of counsel or actual innocence. Accordingly, the United States' Motion for Summary Judgment (Docket Entry No. 350) is **GRANTED**, and Benton's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 339) is **DISMISSED**.

**SIGNED** at Houston, Texas, this 9th day of January, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[16] Plea Agreement, Docket Entry No. 115, p. 10 ¶15.

[17] Petitioner's Traverse, Docket Entry No. 354, p. 3.